GLD-172                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1473
_____

PAUL SURINE,
                                    Appellant
                        v.

BRIAN W. EDGCOMB, District Justice; STATE
POLICE EMERGENCY RESPONSE TEAM;
NICHOLAS MADIGAN, PA State Trooper; MICHAEL
CLEGG, PA State Trooper; CHRISTOPHER WHEELER,
PA State Trooper; SCOTT HENRY, PA State Trooper;
TOM YOUNG, PA State Trooper; GEORGE W. WHEELER,
Assistant District Attorney; MIKE SNYDER, Assistant
Police Chief; UNKNOWN CLARK; UNKNOWN
FRITZ; UNKNOWN BEDELL; UNKNOWN DIAZ;
AGT O'DELL; AGT O'MALLEY; ATTORNEY
G. SCOTT GARDNER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 4-08-cv-01921)
District Judge: Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 26, 2012

Before: FUENTES, GREENAWAY, JR. and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 2, 2012)
_____

OPINION
_____

PER CURIAM

Appellant Paul Surine of Elkland, Pennsylvania filed a pro se complaint in the United States District Court for the Middle District of Pennsylvania against numerous defendants pursuant to 42 U.S.C. § 1983, which he then amended. Surine alleged various violations of his constitutional civil rights in connection with the search of his mobile home and his arrest on drug charges on or about February 1, 2007, and he demanded money damages. We note that, on May 30, 2008, Surine pleaded guilty to conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, in connection with these drug charges. He was sentenced in the Middle District to a term of imprisonment of 360 months. We affirmed in United States v. Surine, 375 F. App'x 164, 171 (3d Cir. 2010) (sentence reasonable where conspiracy lasted for at least twenty-one months, Surine was the leader, at least 100 to 200 individuals purchased crack cocaine during that time, conspiracy included trading of firearms for crack, and Surine was responsible for the drug addiction of several of his own children).

The defendants moved individually and in groups to dismiss Surine's amended complaint, Fed. R. Civ. Pro. 12(b)(6), or for summary judgment, Fed. R. Civ. Pro. 56(a). The District Court issued a number of orders either dismissing the amended complaint or awarding summary judgment to the defendants, the last of which was entered on January 19, 2012.

Surine appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted Surine leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third

2

Cir. LAR 27.4 and I.O.P. 10.6.  He was invited to submit argument in writing, but he has not done so.

We will dismiss the appeal as frivolous.  An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i).  An appeal is frivolous when it lacks an arguable basis either in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A motion to dismiss should be granted if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Summary judgment is proper if there is no genuine ssue of material fact and the moving party is entitled to judgment as a matter of law.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Early in the litigation, the District Court properly dismissed the amended complaint as to defendant G. Scott Gardner, Surine's attorney, because Gardner, in performing a lawyer's traditional functions as counsel to a criminal defendant, did not act under color of state law, Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Defendant Brian W. Edgcomb, a Magisterial District Judge in Tioga County, properly was dismissed pursuant to the doctrine of absolute judicial immunity, because Surine did not show that Judge Edgcomb, in issuing the search warrant, acted in "the clear absence of all jurisdiction," Stump v. Sparkman, 435 U.S. 349, 357 (1978).  Defendant George Wheeler, an Assistant District Attorney, properly was dismissed because he is absolutely immunized from a suit for damages in his capacity as a prosecutor, Imbler v. Pachtman,

3

424 U.S. 409, 422 (1976). Summary judgment for Tom Young, the Chief of the Wellsboro Police Department, was proper because Chief Young had no personal involvement in the arrest, prosecution, or execution of the search warrant which gave rise to Surine's complaint. Liability under section 1983 cannot be imposed absent personal involvement in the alleged actions, see Rizzo v. Goode, 423 U.S. 362, 375-77 (1976).

With respect to the remaining claims and defendants, the District Court concluded that the undisputed material facts established that defendant Pennsylvania State Trooper Nicholas Madigan learned through confidential informants that Surine was selling cocaine from his trailer in Tioga County. Trooper Madigan applied for and received a search warrant from Judge Edgcomb, and the Pennsylvania State Police Emergency Response Team ("SERT") then secured the area. After the area was secured, numerous state and federal law enforcement officers conducted a valid search of Surine's property and properly seized hundreds of items. The District Court concluded that there was no need for a trial on any of Surine's claims of constitutional violations and that the defendants were entitled to judgment as a matter of law.[1]

We have carefully reviewed the record and the record facts concerning the search and seizure, and the prosecution of Surine, ultimately by federal authorities, on the drug charges. We agree with the District Court that summary judgment in favor of Trooper Madigan on the claimed Fourth Amendment violations was proper because Surine proffered no evidence that Trooper Madigan knowingly or with a reckless disregard for

---

[1] Out of an abundance of caution, the District Court declined to hold that any of Surine's claims were barred by Heck's favorable termination rule, see Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

4

the truth made false statements or made material omissions in the affidavit of probable cause, see generally Franks v. Delaware, 438 U.S. 154, 155-56 (1978). Probable cause exists to support the issuance of a search warrant if, based on a totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). Trooper Madigan's detailed affidavit describing numerous undisputed controlled buys, the independent testing of the drugs, and his own observations easily established probable cause for a search of Surine's mobile home as a matter of law. Moreover, the warrant described with particularity the items to be searched and seized, and the undisputed material facts show that the search was tailored to the probable cause established in Trooper Madigan's affidavit. Trooper Madigan thus was entitled to judgment as a matter of law, and it necessarily follows that all of the named state and federal agents (Michael Clegg, Christopher Wheeler, Scott Henry, Troopers Bedell, Clark, Fritz, and Diaz, policeman Mike Snyder, and federal agents Dennis O'Dell and Timothy O'Malley), who merely executed the warrant are similarly entitled to judgment as a matter of law.

Surine's allegations of the use excessive force in connection with his arrest, the failure to "knock and announce," and false arrest and imprisonment, are directed only at the State Police Emergency Response Team, which initially secured the area.[2] The defendant state Troopers and federal agents who executed the properly issued search

---

[2] In his Answers to the Trooper defendants' interrogatories, which Surine filed of record, he stated that he was on his knees when someone from SERT kicked him in the back. He was hit in the head and elbow, and momentarily knocked out. SERT also smashed his windows. In addition, Surine submitted a copy of a medical bill from an emergency room for in excess of $1,000 for treatment of his injuries.

5

warrant indisputably were *not* members of SERT. Moreover, SERT itself is not a "person" for purposes of section 1983 and thus may not be sued, <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989). The District Court concluded, and we agree, that Surine had ample time during the three-year pendency of his case to take discovery to learn the identities of the members of SERT, who allegedly harmed him, and thereby cure the deficiency in his complaint. He did not undertake that effort and thus his excessive force, false arrest and imprisonment, and failure to "knock and announce" claims were properly dismissed.[3]

Last, defamation is not actionable under section 1983 where stigma to reputation is all that is alleged, see <u>Sturm v. Clark</u>, 835 F.2d 1009, 1012 (1987) ("Absent the alteration or extinguishment of a more tangible interest, injury to reputation is actionable only under state defamation law."), and Surine's malicious prosecution claim also fails because it requires a showing that the criminal proceeding ended in his favor, see <u>McKenna v. City of Philadelphia</u>, 582 F.3d 447, 461 (3d Cir. 2009). Surine's criminal proceeding did not end in his favor. The District Court also correctly disposed of

---

[3] We note for Surine's benefit that prevailing on these claims was unlikely in any event even if he had been able to identify the SERT members. Law enforcement officers may dispense with the Fourth Amendment's "knock and announce" rule where they have a reasonable suspicion that an announcement might place them in danger or lead to the destruction of evidence. See <u>Kornegay v. Cottingham</u>, 120 F.3d 392, 397 (3d Cir. 1997). Moreover, the use of force against an individual may be objectively reasonable and thus not offend the Constitution where the individual poses an immediate threat to the safety of the officers or others. See <u>Kopec v. Tate</u>, 361 F.3d 772, 776-77 (3d Cir. 2004). During Surine's sentencing hearing, "the testimony of several witnesses established that there were firearms in Surine's mobile home at all times, that Surine used firearms to protect himself during drug transactions, that Surine on one occasion pointed a firearm at an individual who was delivering drugs, that Surine occasionally fired a gun to scare off purchasers, and that Surine traded firearms for crack." <u>Surine</u>, 375 Fed. Appx. at 170.

6

Surine's remaining claims, which do not require discussion here, and properly declined to exercise supplemental jurisdiction over Surine's state law claims.

For the foregoing reasons, we will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).